

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 11, 1939


Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas


Dear Sir:

>Opinion No. O-44
>Re: May the Comptroller's Department
>correct an error in bookkeeping
>whereby certain moneys were er-
>roneously placed in the General
>Revenue Fund instead of into the
>Suspense Fund?

We are pleased to comply with your request of April 3 for an opinion which reads as follows:

"Is this department authorized to correct an error in bookkeeping where moneys are placed in the General Revenue that should have been placed in the Suspense Account? For example: in making allocations of money paid into the State Treasury this department erroneously (by an error in bookkeeping) made the improper distribution, placing money in the General Revenue Fund when, as a matter of law, it should have been placed in the Suspense Fund. Does this department have authority to correct such error? If so, is there any time limit governing the correction of such error?"

The writer has discussed the situation which gave rise to this question at some length with Mr. Gus Farrar, of your department. From this discussion it appears that in the particular instance under consideration, certain taxes paid under the chain store tax act, were erroneously deposited to the General Revenue Fund instead of to the Suspense Fund. In this instance deposit warrants have actually been issued in accordance with Article 4353, Revised Statutes, as amended in 1931, and the money has been credited to the General Revenue Fund on the books both of the Comptroller and the State Treasurer.

Article VIII, Section 6 of the Constitution of Texas provides, in part:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; * * * "

This provision has consistently been given a strict construction by the courts of this State.

In Rogers, et al. vs. Daniel Oil & Royalty Co., 110 S.W. (2d) 891, the Texas Supreme Court declared that money deposited with the State Treasury in a suspense fund is not considered as being in the State Treasury. At page 894 of that opinion Judge Critz said:

"When we come to consider the suspense statute, we find that it certainly completely and adequately affords the protesting taxpayer a complete and adequate remedy at law for the principal amount of the tax paid under protest. Under such statute, when the money paid is accompanied by the statutory protest of the person paying, the official receiving the same must transmit it to the State Treasurer. In such instances the treasurer does not place the money in the State Treasury, as such, but places it in suspense. If a suit is filed in a proper court in Travis county within ninety days from date of payment, the money remains in suspense until the suit is finished, and then the money is completely subject to the court's judgment. Under the statute, since the money does not go into the treasury, as such, no additional legislative enactment is necessary to enable the treasurer to do with it as directed by the statute or the court."

A question very similar to the one here under consideration was decided by the Texas Supreme Court in the case of Manion vs. Lockhart, 114 S.W. (2d) 216. We quote from that opinion:

"It is shown that respondent, acting on the opinion rendered by the Attorney General, deposited this money in the general revenue fund of the state. Respondent has in no manner profited by such action on his part. He in good faith deposited such money in the general revenue fund, which now requires that it be appropriated by the Legislature in accordance with the provisions of section 6 of article 8 of the Constitution. Respondent does not now have in his possession such funds, and, therefore, he is unable,

without an act of the Legislature, to pay same to those entitled thereto. Having complied with the advice of the Attorney General, in making such transfer of funds, it would be both unjust and unfair to undertake by writ of mandamus to compel the treasurer to pay this amount of money out of his personal funds. <u>It was contrary to law for the funds to be deposited in the general revenue fund, as was done, but they have passed beyond the control of the treasurer, and it is now impossible for the treasurer to pay to relator the amount of funds so deposited with him.</u> * * *

"It is undisputed that relator has fully complied with the law and is entitled to be paid the sum of money claimed by him. It is not shown, however, that relator cannot obtain the money due him by another complete and adequate remedy. While it is true that the money due relator has been placed in the general revenue fund, the Legislature has not refused to make a specific appropriation to pay relator's demand therefor."

We are unable to draw a distinction between the above cited case, wherein the State Treasurer improperly deposited money in the general revenue fund on the mistaken advice of the Attorney General and the instant case where the same mistake accrued by reason of a bookkeeping error.

Upon the authority of Manion vs. Lockhart, supra, we respectfully advise you that the Comptroller's Department may not withdraw money from the general revenue fund and place it in the suspense fund in order to rectify a previous bookkeeping error, or for any other reason, except upon specific direction by the Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Walter R. Koch*

Walter R. Koch
Assistant

WRK:FG

APPROVED:

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS